**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nutri-Health Supplements, LLC d/b/a Sedona Laboratories,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Block Drug Company, Inc.,<br><br>　　　　　Defendant. | No. 06-1673-PHX-DGC<br><br>**ORDER** |

Defendant Block Drug Company, Inc. ("Block") moves to dismiss or transfer this declaratory judgment action filed by Plaintiff Nutri-Health Supplements, LLC ("NHS"). NHS seeks leave to file a sur-reply. The Court has reviewed the memoranda submitted by the parties. Dkt. ##9, 10, 16, 17, 18, 19. The Court will grant Block's motion to dismiss and deny NHS's motion to file a sur-reply.

**I.　Background.**

On May 25, 2006, Block filed suit in the District of Delaware alleging infringement of its patent for a medicine designed to treat indigestion. Dkt. #9 at 1. Although the allegedly infringing product was sold by NHS, Block named Sedona Laboratories, Inc. ("SLI") as the defendant because NHS's website stated that the product was made by SLI. *Id.* Block filed the infringement suit in Delaware because the product was sold in Eckerd drug stores throughout that State. Dkt. #9 at 1.

On the day it filed the Delaware complaint, Block sent a letter to NHS notifying it of the infringement action. *Id.* at 2. Subsequent communications from NHS suggested that NHS not only had notice of the suit, but was acting on behalf of SLI. *Id.* at 2-3. NHS apparently had purchased the allegedly infringing product and related manufacturing facilities from SLI in January, 2006. Dkt. #10 at 4.

On June 30, 2006, NHS filed this declaratory judgment action in Arizona. This action concerns the same dispute at issue in the Delaware case.

On July 11, 2006, Block amended its Delaware complaint to name NHS as the proper defendant. *Id.*, Ex. 5. Judge Kent A. Jordan of the District of Delaware subsequently denied NHS's motion to dismiss or transfer venue, finding that the Delaware court had personal jurisdiction over NHS. On December 14, 2006, Judge Jordan denied NHS's motion for reconsideration. *See* Dkt. #19, Ex. 1.

**II.     Discussion.**

Under the first-to-file rule, a court should "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). This rule arises from the dual goals of promoting judicial efficiency and deferring to a plaintiff's choice of forum. *Id.* at 95, 97.

The issues in this case and the Delaware action are the same. Both cases involve a dispute arising from NHS's competition with Block "in the manufacture and sale of dietary supplements containing the enzyme alpha-galactosidase." Dkt. #9 at 6.

The key issue is whether the parties in the initial Delaware complaint are the same as the parties in this action, allowing the Delaware action to be deemed first-filed. If Block's July amended complaint naming NHS as a defendant relates back to Block's May filing of the Delaware action, then the Delaware action would be first-filed. If the amended complaint does not relate back, NHS's June declaratory judgment action in Arizona would be first-filed. *See* Dkt. #10 at 9.

- 2 -

> Amendment of a pleading relates back to the date of the original pleading when:
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, [and]
>
> (3) . . . within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(2)-(3). The Court concludes that each of these requirements is satisfied.

First, Block's amended and initial complaints allege the same facts and thus arise from the same transactions or occurrences. *See Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1446-47 (9th Cir. 1990).

Second, NHS clearly had notice of the Delaware action. The Delaware complaint listed NHS's address as the place of business for SLI, and Block notified NHS of the Delaware complaint by letter on the day it was filed. This notification satisfies Rule 15(c)(3). *See Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir. 1984) (Rule 15 notice may be informal); *see also Singletary v. Penn. Dep't of Corrections*, 266 F.3d 186, 195 (3rd Cir. 2001) (same).

Third, NHS will not be prejudiced in maintaining its defense to the Delaware action. NHS has known about the Delaware case from its inception and has participated fully in motion practice before Judge Jordan. NHS cannot contend that it has been prejudiced by not being named in the initial complaint. Moreover, the amendment was made in good faith, without undue delay, and asserted no new facts. *See E.I. DuPont de Nemours & Co. v. Philips Petroleum Co.*, 621 F. Supp. 310, 315 (D. Del. 1985).

Fourth, NHS knew or should have known that, but for a mistake concerning the identity of the drug manufacturer in question, the Delaware action would have been brought against NHS. The mistake occurred when Block relied on NHS's website and its assertion that SLI manufactured the drug. Where a potential defendant misleads a plaintiff into

- 3 -

thinking that another party should be sued, that defendant should not be heard to claim surprise at later being brought into the action. *Sorrels v. Sears, Roebuck & Co.*, 84 F.R.D. 663, 667 (D. Del. 1979).

NHS argues that application of the first-to-file rule would be an abuse of discretion. Dkt. #10 at 5. The cases cited by NHS merely state, however, that the first-to-file rule is not mandatory. *See, e.g., Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). They do not bar this Court from applying the rule.

NHS also cites cases in which courts have declined to apply the first-to-file rule when it was unclear whether the initial court had jurisdiction. *See, e.g., Alltrade, Inc.*, 946 F.2d at 629-30; *Flack v. United States*, No. CIV-95-1992-PHX-SMM, 1996 WL 628317, at *1 (D. Ariz. Aug. 14, 1996). Such is not the case here. Judge Jordan has ruled that personal jurisdiction over NHS is proper in Delaware. NHS entered into a contractual relationship with Eckerd drug stores through which it directed products to Delaware and complied with Delaware's labeling laws. Dkt. #19, Ex. 1.

Finally, NHS argues that "the balance of convenience and interests of justice militate against application of the first-filed rule." *Id.* at 10. But NHS has argued in Delaware that this dispute should be litigated in Arizona for reasons of convenience and Judge Jordan has rejected that argument. Dkt. ##16, Ex. 1, 19, Ex. 1. The Court does not disagree with that decision.

In sum, because this action involves the same parties and the same transactions and occurrences as the earlier-filed Delaware action, and because the interests of judicial efficiency and a plaintiff's right to choose its forum favor the resolution of this dispute in Delaware, the Court will apply the first-to-file doctrine and dismiss NHS's declaratory judgment action.

NHS has filed a motion for leave to file a sur-reply which seeks to put before the Court a motion for reconsideration filed in Delaware. Dkt. #17. Judge Jordan has denied

1  that motion. Dkt. #19, Ex. 1. The Court accordingly concludes that consideration of the
2  motion for reconsideration is not necessary.
3  **IT IS ORDERED:**
4  1. Block's Motion to Dismiss (Dkt. #9) is **granted**.
5  2. Plaintiff's Motion for Leave to File a Sur-Reply (Dkt. #17) is **denied**.
6  3. The Clerk of the Court is directed to terminate this action.
7  DATED this 4th day of January, 2007.

David G. Campbell
United States District Judge

- 5 -